### McNAMARA v. RINGS.

(Supreme Court, Appellate Term, Second Department. April 3, 1913.)

LANDLORD AND TENANT (§ 173*)—POSSESSION AND ENJOYMENT OF PREMISES—EVICTION—MUNICIPAL REGULATIONS.

    The fact that municipal regulations, adopted after the leasing of a wooden building, prohibited the issuing of garage permits for buildings not fireproof for the storing of gasoline in addition to that contained in the tanks of vehicles, or the storing of motor vehicles in buildings not having a garage permit, did not necessarily prevent the use of the building for a garage, so as to amount to an eviction, since, while it might be convenient to store gasoline in a garage, it could not be said to be necessary, especially in a private garage.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 705–707; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Delia McNamara, as administratrix, etc., of the estate of Charles H. McNamara, deceased, against Theodore Rings. From a judgment of the Municipal Court of the City of New York for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1913, before GARRETSON, BLACKMAR, and KAPPER, JJ.

Fromme Bros., of New York City (Theodore F. Kuper, of New York City, of counsel), for appellant.
Lewis A. Rosen, of New York City, for respondent.

PER CURIAM. This was an action for rent. The defense was an eviction, caused by a regulation of the municipal explosives commission, passed after the leasing, which it was claimed prohibited the use of the premises for garage purposes. The only evidence was the lease, testimony that the rent in question had not been paid, that the building was of wood, and therefore not fireproof, and sections 366 to 370, inclusive, of article XI of the Regulations of the Municipal Explosives Commission, adopted after the lease was made.

There is nothing in the regulations introduced in evidence which necessarily prevents the use of the premises as a garage. It is true that a motor vehicle containing volatile inflammable oil cannot be stored, except in a building for which a garage permit shall have been issued. But in the sections of the regulations offered in evidence there

appears nothing to prevent a garage permit for these premises, except one allowing the storage of volatile inflammable oil. While it may be convenient to store gasoline in a public or private garage, we cannot say that it is necessary, certainly not in a private garage. The regulations apparently make a difference between keeping motor vehicles containing volatile inflammable oils and storing such oil. It is only where the permit allows storing such oil in addition to that contained in the tanks of the vehicles that section 370 prohibits issuing, permits for buildings not fireproof. If it should appear on a new trial, either that the storage of volatile inflammable oil is necessary to the maintenance of such a garage as the parties contemplated, or that the fire commissioner refuses a garage permit which does not allow the storage of such oils, then the tenant might justly claim an eviction.

Judgment reversed, and a new trial ordered, with costs to abide the event.

